UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:09CV761-J

TABITHA J. COREY                                                        PLAINTIFF

VS.

MICHAEL J. ASTRUE,
       Commissioner of Social Security                              DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Tabitha Corey ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be vacated and the matter remanded for further proceedings.

## PROCEDURAL HISTORY

On December 24, 2004, Claimant filed application for disability insurance benefits and supplemental security income. After a hearing, Administrative Law Ronald M. Kayser ("ALJ") determined that claimant's somatoform disorder, borderline intellectual functioning, generalized anxiety disorder and polyarthralgias/fibromyalgia were impairments that prevented her from performing any of her past relevant work. The ALJ further found that she retained the residual functional capacity for jobs existing in significant numbers. This became the final decision of the Defendant on all applications when the Appeals Council denied review on July 29, 2009.

STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

ARGUMENTS ON THIS APPEAL

Plaintiff argues that the ALJ overlooked evidence that detracted from his conclusion, and erroneously determined that "no objective evidence corroborates" the allegation of chronic headaches." Tr. 34. Plaintiff points to several specific pieces of evidence: Dr. Garcia's March 2004 examination found tenderness in muscles of the head as well as muscles alongside the cervical and mid-thoracic spine, leading him to record an impression of "tension muscle contraction type headache in combination with ... common migraine headache." Dr. Garcia started her on Depakote, a medication used for chronic headaches. Tr. 262. An MRI performed two days later found chronic bilateral maxillary sinusitis. Tr. 263.

Plaintiff also points to an April 24, 2003 record. Dr. Polyhronopoulos saw plaintiff after an emergency room visit for severe headache. He noted that the "headache has coincided with the use of a natural medication called Hydroxycut ... which includes ... compounds known to cause headache." Tr. 315. He gave her a Medrol trial and advised her that if her symptoms continued, she

should report for a lumbar puncture.

There is no requirement that an ALJ discuss every piece of evidence in the record. Nonetheless, in this case, the ALJ took the unusual step of declaring that "no objective evidence" corroborated her subjective complaints, and proceeded to the determination that her alleged headaches were "non-severe," indicating that they had no or only mild impact on her ability to do work-related activities. Given that the record *does* include several pieces of corroborating objective evidence (Dr. Garcia's clinical examination, the MRI, and Dr. Polyhronopoulos's funduscopic exam), it appears that the ALJ did overlook portions of the record that are important to his findings.

This error alone would require remand for further proceedings. As remand is necessary, the Court also notes that a more thorough evaluation of the treating source evidence regarding her psychological impairments would be appropriate, and the Commissioner can take advantage of the remand opportunity to carefully consider the fibromyalgia evidence in light of Rogers v. Commissioner of Social Security, 486 F.3d 234 (6th Cir. 2007), which cautioned against undue reliance on the opinions of non-treating/non-examining physicians.

An order in conformity has this day entered.